## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 12 2017, 8:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeremy K. Nix
Matheny, Hahn, Denman & Nix, LLP
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tyler Allen Whitesell,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 12, 2017<br><br>Court of Appeals Case No.<br>90A02-1612-CR-2768<br><br>Appeal from the Wells Circuit Court<br><br>The Honorable Kenton W. Kiracofe, Judge<br><br>Trial Court Cause No.<br>90C01-1605-F5-20<br>90C01-1510-F5-29 |

**Bailey, Judge.**

# Case Summary

Tyler Allen Whitesell ("Whitesell") appeals his aggregate six-year sentence imposed following his pleas of guilty to Dealing in a Narcotic Drug, as a Level 5 felony,[1] two counts of Dealing in a Substance Represented to be a Controlled Substance, Level 6 felonies,[2] and Theft, as a Class A misdemeanor.[3] He presents the sole issue of whether the sentence is inappropriate pursuant to Indiana Appellate Rule 7(B). We affirm.

# Facts and Procedural History

On October 13, 2015, Whitesell delivered acetaminophen to a confidential informant. Whitesell represented the substance as heroin. On October 18, 2015, a confidential informant gave cash to Whitesell for a heroin purchase. However, Whitesell kept the cash and did not deliver heroin to the confidential informant. Whitesell was arrested and charged with criminal offenses (in Cause No. 90C01-1510-F5-29 ("F5-29")) because of those transactions but was released on bond. While he was out on bond, on April 20, 2016, Whitesell delivered heroin to a confidential informant. On May 8, 2016, Whitesell delivered acetaminophen to a confidential informant. Again, Whitesell represented the substance as heroin. Whitesell was again arrested and was

---

[1] Ind. Code § 35-48-4-1.

[2] I. C. § 35-48-4-4.5.

[3] I. C. § 35-43-4-2.

charged with additional criminal offenses (in Cause No. 90C01-1605-F5-20 ("F5-20")).

[3]     On September 28, 2016, without the benefit of a plea bargain, Whitesell pled guilty to Dealing in a Narcotic Drug, two counts of Dealing in a Substance Represented to be a Controlled Substance, and Theft. On November 9, 2016, Whitesell was sentenced. In Cause No. F5-29, he received concurrent sentences of one and one-half years for Dealing in a Substance Represented to be a Controlled Substance and one year for Theft. The sentences were entirely suspended to probation. In Cause No. F5-20, Whitesell received concurrent sentences of six years for Dealing in a Narcotic Drug and one and one-half years for Dealing in a Substance Represented to be a Controlled Substance. Pursuant to Indiana Code Section 35-50-1-2(e),[4] the sentences imposed in F5-20 were mandatory consecutive sentences to those imposed in F5-29. Accordingly, Whitesell received an aggregate sentence of six years imprisonment. He now appeals.

# Discussion and Decision

[4]     Indiana Code Section 35-50-2-6 provides that a person convicted of a Level 5 felony faces a sentencing range of between one and six years, with the advisory

---

[4] Pursuant to this statute, a sentence imposed for a crime committed while the defendant is out on bond for another offense must be consecutive to the sentence imposed for the prior offense, regardless of the timing of sentencing.

sentence being three years. Indiana Code Section 35-50-2-7 provides that a person convicted of a Level 6 felony faces a sentencing range of between six months and two and one-half years, with the advisory sentence being one year. Indiana Code Section 35-50-3-2 provides that a person convicted of a Class A misdemeanor may be imprisoned for not more than one year.

[5] Under Indiana Appellate Rule 7(B), this "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers. *Id.* at 1225.

[6] When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision, but we accord due consideration to that decision, recognizing the unique perspective of the trial court. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Accordingly, a defendant '"must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review."' *Anglemyer v. State,* 868 N.E.2d 482, 494 (Ind. 2007) (quoting *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)). We "should focus on the forest – the aggregate sentence – rather than the trees – consecutive or concurrent, number of counts, or length of the sentence of any individual count." *Cardwell*, 895 N.E.2d at

1225. In our review, we may consider all aspects of the penal consequences imposed by the trial court at sentencing, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[7] As for the nature of the offenses, Whitesell once delivered heroin to a confidential informant. He twice delivered acetaminophen while representing that it was heroin. He took cash upon the promise of providing heroin; instead, he kept the cash and did not give something of value in return. During at least some of these offenses, Whitesell involved the mother of his children.

[8] Whitesell pled guilty, which speaks well of his character. However, Whitesell has a significant history of delinquency and criminal offenses. Whitesell was adjudicated delinquent in 2000. He was placed on probation for an offense that would be Criminal Mischief if committed by an adult. Between 2002 and 2007, Whitesell was found to have committed seven additional acts that were status offenses or would be criminal if committed by an adult. He violated his juvenile probation. In 2006, he was committed to the Indiana Department of Correction. As an adult, Whitesell was convicted of Criminal Mischief, Operating a Vehicle While Intoxicated, Illegal Possession of Alcohol, Hit and Run, Obstruction of Justice, Battery, and Resisting Law Enforcement. He violated the terms of his probation and home detention. He was out on bond for offenses charged in F5-29 when he committed the offenses charged in F5-20.

[9] Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not

warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

# Conclusion

[10] The aggregate six-year sentence is not inappropriate.

[11] Affirmed.

Vaidik, C.J., and Robb, J., concur.